IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSON,<br><br>Respondent. | Cause No. CV 20-122-M-DWM<br><br>ORDER |

This matter comes before the Court on Mr. Godfrey's motion under Federal Rule of Civil Procedure 60(b)(4), claiming that his state sentence is invalid and the judgment of conviction is void. (Doc. 1.)

This Court recently dismissed Mr. Godfrey's habeas petition, finding it was an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3)(A). *Godfrey v. Salmonson*, No. CV-20-114-M-DWM, Or. (D. Mont. Aug. 6, 2020). It was also noted that Godfrey has been repeatedly advised this Court lacks jurisdiction to consider a successive petition until he receives leave from the Ninth Circuit. *Id.* at 2.

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Habeas corpus petitioners cannot 'utilize a Rule 60(b)

1

motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Calderon v. Thompson*, 523 U.S. 538, 547 (1998) ); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254."), *cert. denied*, 565 U.S. 919 (2011). Motions properly brought under Rule 60(b) generally attack the integrity of the federal habeas proceedings, while motions that present "claims…constitut[ing], in effect, new requests for relief on the merits" are viewed as disguised second or successive habeas corpus petitions. *Jones,* 733 F. 3d. at 834.

In the instant matter, Godfrey does not challenge the integrity of the prior proceedings before this Court. Instead he takes issue yet again with the sentence imposed by the State of Montana, arguing his sentence constitutes a double jeopardy violation. (Doc. 1.) But Godfrey cannot use Rule 60 to advance yet another attempt at re-adjudication of the merits of his claim. Such action falls squarely within the realm of second or successive habeas corpus petitions. See *Jones*, 733 F. 3d at 836 ("[Petitioner] is in essence arguing that he deserves a second chance to have the merits determined favorably in the context of a second

or successive 28 U.S.C. § 2254 habeas corpus petition.").

Godfrey's present filing constitutes a disguised second or successive habeas petition. As he is aware, until the Circuit grants leave to file under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam). A certificate of appealability is denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Based upon the foregoing, the Court enters the following:

## ORDER

1. Mr. Godfrey's Rule 60(b)(4) Motion (Doc. 1) is DENIED and this matter is DISMISSED.

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

4. 4. This action is CLOSED. No further motions may be filed.

DATED this 20th day of August, 2020.

Donald W. Molloy
United States Magistrate Judge